IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

JAIME LEOPOLDO VAZQUEZ
BERNIER and CARMEN MERCEDES
PAGAN ORTIZ

    Debtors

JAIME LEOPOLDO VAZQUEZ
BERNIER; CARMEN MERCEDES
PAGAN ORTIZ

    Plaintiffs

vs.

TREASURY DEPARTMENT OF
PUERTO RICO, *ET. AL.*

    Defendant

CASE NO. 17-03544 (ESL)

CHAPTER 13

ADV. PROC. 20-00134

OPINION AND ORDER

The instant adversary proceeding is before the court upon the *Notice of Injunction* filed by the defendant, the Treasury Department of the Commonwealth of Puerto Rico ("Treasury Department" or "Defendant") (dkt. #101), the *Response and Opposition* filed by Plaintiffs (dkt. #108), Defendant's *Reply to Plaintiff's Response* (dkt. #117), and Plaintiffs' *Sur-Reply* (dkt. #123).

Position of the Parties

The Treasury Department alleges that a permanent injunction is in full effect which enjoins Plaintiffs from prosecuting this case (dkt. #101, p. 5, ¶ 7). The injunction stems from the order and judgment entered on January 18, 2022, confirming the Joint Plan of Adjustment of the Commonwealth of Puerto Rico in the petition filed with the United States District Court for the District of Puerto Rico ("District Court") under Title III of the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA"), 48 U.S.C. §§ 2101 *et seq.*, on May 3, 2017 (Bankr. Case No. 17-3283, dkt. #19784, 19813). The confirmation order provides for an

injunction on claims and bars collection of untimely claims (Bankr. Case No. 17-3283, dkt. 19813, ¶¶ 56, 59). The effective date of the plan is March 15, 2022 (Bankr. Case No. 17-3283, dkt. #20349).

The Treasury Department contends that "the Complaint was filed on November 25, 2020, which is after the Commonwealth of Puerto Rico filed its Title III Case and before the Confirmation Order was issued and became effective. Thus, the current controversy before this Honorable Court falls squarely in the scope and extent of the Discharge Injunction included in the Confirmation Order entered by the Court in the Commonwealth's Title III case" (dkt. #101, pp. 9-10, ¶ 15). Therefore, "Section 92.2 of the Confirmed Plan, clearly discharged and released the Debtor/Commonwealth from "any and all Claims, Cause of action and any other debts that arose, in whole or in part, prior to the Effective Date." (id., p. 10, ¶ 15, citing Confirmed Plan, Bankr. Case No. 17-3283, dkt. #19784, §92.2(a), and Confirmation Order, Bankr. Case No. 17-3283, dkt. 19813, ¶ 56).

Plaintiffs contest the applicability of the injunction claimed by the Treasury Department on procedural and substantive grounds. Plaintiffs allege that this court is without subject matter jurisdiction to adjudicate the injunction as the confirmed plan vests exclusive jurisdiction on the Title III court to adjudicate matters related to the confirmed plan. Plaintiffs also allege that the Treasury Department waived the personal jurisdiction defense as the same was not claimed as an affirmative defense. Plaintiffs further allege that violation of the discharge injunction are contempt proceedings to vindicate the dignity of the court, and have not been "discharged" pursuant to 11 U.S.C. § 944(c)(2) (dkt. #108, p. 3).

Plaintiffs state that "[a]t no point since March 7, 2017, through today's date, did the PROMESA DEBTOR provide Plaintiffs with actual or constructive notice of the Title III Case" (id., p. 3, ¶ 3). Plaintiffs pray the court to find the Treasury Department in contempt pursuant to 11 U.S.C. § 105.

The Treasury Department counters Plaintiffs' assertions and states that "[i]t is undeniable and easily verifiable that when the Complaint was filed Defendant raised the defense of the protection of the bankruptcy proceeding under the PROMESA Title III Case. *See* Answer to Complaint at Docket No. 9, p. 8. Thus, the Defendant timely preserved the defense by pleading it in the first opportunity." (dkt. #117, p. 5, ¶ 8). Moreover, "[i]t is during the ongoing litigation that the Discharge Order was adopted by the Title III Court. Thereafter, the Defendant respectfully

-2-

notified this Court that a permanent injunction was in full effect, barring Plaintiffs from continuing recovery efforts against Defendant. The instant Adversary Proceeding is subject to the Discharge Injunction and Plaintiffs are enjoined from prosecuting their claim." (id., p. 5, ¶ 10). "Thus, Plaintiffs' request to continue with the adversary proceeding for an alleged violation of the discharge order against the Defendant is more akin to an attempt to collect alleged damages, than to uphold the dignity of the court." (id., p. 7, ¶ 16).

The Treasury Department counters the lack of notice argument as follows:

18. Plaintiffs appear to argue that they did not receive notice nor actual knowledge of the Title III Case nor notice of the Bar dates. However, according to the Title III Court, this controversy was already before the court and resolved therein.

19. The Title III Court's Order states:

> The Notice of Automatic Stay provided Movant with notice of the Title III Case in advance of the Bar Date (and several years in advance of the Effective Date). Furthermore, the Debtors undertook broad publication of notice of the Commonwealth's Bar Date pursuant to the Bar Dates Orders, including publishing of notice the Bar Date in English and Spanish language publications circulating in Puerto Rico and the mainland United States, as well as running radio advertisements throughout Puerto Rico. Movant therefore cannot meet the exception to discharge applicable to creditors who "before confirmation of the plan, had neither notice nor actual knowledge of the case." 11 U.S.C.A. §944(c)(2) (Westlaw through P.L. 117-262). Case No. 17-bk-3283 (LTS), ECF No. 23878.

Id., p. 8, ¶¶ 18-19.

In conclusion, the Treasury Department states:

20. Accordingly, and to enforce the terms of the Confirmation Order as they apply to this adversary proceeding, the Defendant respectfully requests that this Court take notice of the discharge injunction and enter an Order that any and all claims by Plaintiffs against the Treasury Department of the Commonwealth of Puerto Rico are stayed by the injunction and eventually discharged by paragraph 59 of the Confirmation Order and through section 92.2 of the Plan, if no administrative expense claim was filed as per paragraph 44 of the Confirmation Order. Plaintiffs' claims are not contemplated in the claims or causes of action exempted from the requirement of having to file an administrative expense claim. See Case No. 17-3283-LTS, ECF No. 22650 at 4, ¶5.

Id., pp. 8-9, ¶ 20.

Background

The background to the instant adversary proceeding is in this court's opinion and order entered on November 21, 2022, granting in part the motion for summary judgment filed by the Treasury Department (dkt. #79). The Court concluded that Treasury did not violate the discharge injunction by emailing the March 10, 2020, "DRAFT" Notice and Demand for Payment. Plaintiffs remaining allegations of violation of the discharge injunction that constitute collection acts were not be reviewed because the supporting documentation was not duly translated to the English language.  The case background is reproduced herein to again provide an overview of the basis for the complaint.

The Debtor/Plaintiffs filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code on May 22, 2017 (Lead Case, dkt. #1). On August 25, 2017, Treasury filed proof of claim #5-1 in the amount of $96,732.47 of which $71,873.41 was listed as unsecured and the remainder $24,859.06 was listed as a priority unsecured claim pursuant to 11 U.S.C. § 507(a)(8). On December 11, 2018, the Debtors and the Treasury filed a *Stipulation* and the same was approved on January 9, 2019 (Lead Case, dkt. #80 & 86). On April 25, 2019, the Chapter 13 reorganization plan dated January 23, 2019, was confirmed. (Lead Case, dkt. #113). Thereafter, on September 16, 2019, a discharge was granted to the Debtors pursuant to 11 U.S.C. §1328(a). (Lead Case, dkt. #116). Subsequently on October 30, 2020, the Debtors filed a *Motion to Reopen Case* under 11 U.S.C. §350(b) to file a complaint against Treasury for violation of the discharge order and the same was granted on November 24, 2020. (Lead Case, dkt. #126 & 129).

On November 25, 2020, the Debtors/Plaintiffs filed the instant adversary proceeding premised upon Treasury's alleged violation of the discharge injunction. (dkt. #1). On February 25, 2021, Treasury filed its *Answer to Complaint* (dkt. #9). On May 11, 2022, Treasury filed its *Statement of Uncontested Facts in Support of Motion for Summary Judgment* (dkt. #32). Also, on said date, Treasury filed a *Motion Requesting Entry of Summary Judgment*. (Docket No. 33). On June 16, 2022, the Plaintiffs filed a cross *Motion for Summary Judgment* and the *Statement of Facts in Support of Motion for Summary Judgment* (dkt. #57 & 58). On June 29, 2022, the Plaintiffs filed their *Opposition to Motion for Summary Judgment* and the *Opposition to Treasury Department's Statement of Uncontested Facts in Support of Motion for Summary Judgment*. (dkt. #65 & 66). On June 30, 2022, Treasury filed a *Motion Submitting Exhibits Translated to the English Language*. (dkt. #67). Thereafter, on August 22, 2022, Treasury filed its *Opposition to*

*Plaintiffs' Statement of Uncontested Facts in Support of Motion for Summary Judgment (Docket Entry No. 58)* (dkt. #77). On August 22, 2022, the Defendant filed its *Response in Opposition to Plaintiffs' Motion Requesting Entry for Summary Judgment* (dkt. #78).

The issue pending before the court is whether the Treasury Department violated the Plaintiffs' discharge injunction pursuant to 11 U.S.C. § 524(a)(2). The Plaintiffs allege that the Treasury Department engaged in four (4) independent acts which constitute collection activities in violation of the discharge injunction. The Plaintiffs contend that the alleged collection activities were the following: (i) Defendant charged Plaintiffs $800.00 as a penalty and/or sanction for the alleged pre-petition obligation; (ii) Defendant sent Plaintiffs post-discharge collection letters; (iii) post-discharge, Defendant continued to report and publish false and inaccurate Certificate of Debts which alleged that Plaintiffs continue to owe the pre-petition debt to Defendant . Each successive Certification of Debt that was issued by Defendant continued to accrue interest and increase the amounts allegedly owed; and (4) post- discharge for over one year, Defendant continue to report the discharged debt in the internal revenue unified system ("SURI") (dkt. #57, pg. 2).

Discussion

The court first addresses the issue of due notice. The court agrees with the Treasury Department's position that due notice of the filing of the Title III petition under PROMESA was given throughout Puerto Rico and the United States. Second, a simple reading of the affirmative defenses claimed by the Treasury Department in its answer to the complaint shows that the Treasury Department did raise the Title III affirmative defense. In fact, the first affirmative defense reads as follows: "1. The Department of Treasury of the Commonwealth of Puerto Rico ("Commonwealth") is covered by the stay in the Tittle III case filed by the Financial Oversight and [M]anagement Board for Puerto Rico as representative of the Commonwealth of Puerto Rico" (dkt. #9, p. 8, ¶ 1). Thus, the affirmative defense of the automatic stay provisions of Title III proceedings was duly presented.

The Title III petition was filed on May 3, 2017. On January 18, 2022, the District Court entered the order and judgment confirming the plan. The plan was effective March 15, 2022. The Debtor/Plaintiffs' discharge order was entered in the bankruptcy case on September 16, 2020. The bankruptcy case was closed on January 13, 2020, and reopened on November 24, 2020. The present complaint was filed on November 25, 2020.

The allegations in the complaint do not plead with specificity the dates and actions which constituted the violations of the discharge injunction. However, the factual allegations in the motion for summary judgment filed by the Plaintiffs on June 16, 2022 (dkt. #57), do plead actions ranging from October 7, 2019, to January 10, 2021. See *Motion Requesting Entry of Summary Judgment*, dkt. #33, ¶¶ 17, 19, 21, 22, 24, and 27. Therefore, the alleged actions by the Treasury Department were effectuated after the Title III petition was filed and before the Plan confirmation order was entered.

The remedies requested by Plaintiffs against the Treasury Department in the present adversary proceeding are claims against the Commonwealth of Puerto Rico as the Treasury Department is united in identity with the Commonwealth. See In re Financial Oversight and Management Board for Puerto Rico, 650 B.R. 286, 292 (D.P.R. 2022), citing Fin. Oversight & Mgmt. Bd., Covered Entities (2016), https://drive.google.com/file/d/1D37UiofV0T5s1Q4J54vs3xX_ArGF9532/view (proclaiming that "covered entities" include "all departments, offices, programs, etc." of the Primary Government of the Commonwealth of Puerto Rico). The Treasury Department is an instrumentality of the Commonwealth. See Pizarro-Correa v. Puerto Rico Internal Revenue Department, 267 F. Supp. 3d 369, 375 (D.P.R. 2017). The Treasury Department is an executive department of the Commonwealth established by Section 6 of Article IV of the Puerto Rico Constitution, 1 L.P.R.A. Art IV, sec. 6. See Villanueva Correa v. Departamento de Hacienda, KLAN201401844, 2015 WL 6513767 (PR Court of Appeals 2015) (no English translation available), citing 1 L.P.R.A. Art IV, sec. 6 (Executive Departments).

The alleged actions constituting a violation of the discharge injunction were executed after the Title III petition was filed and before the plan was confirmed. The confirmation order terminated the stay with respect to the Commonwealth. Thus, the automatic stay provisions are no longer in effect. However, the claims are permanently enjoined by the confirmation order as the automatic stay has been superseded by the permanent injunction. In re Financial Oversight and Management Board for Puerto Rico, 650 B.R. at 295-296 (finding that movant's claim against the Commonwealth, which has not been filed in the Tittle III case, was discharged and, with respect to such discharged claim, the automatic stay has been superseded by a permanent injunction that has an effect similar to that of to the automatic stay and does not expire, even upon dismissal of the Commonwealth's Title III case); Vélez-Molina v. Rivera Schatz, 2023 WL 6536235 (D.P.R.

2023). Consequently, any action against the Treasury Department is an action against the Commonwealth. Therefore, the continuation of an action, as is the case here, against the Treasury Department is subject to the permanent injunction of the order confirming the plan in the Commonwealth's Title III case.

Conclusion

In view of the foregoing, the court grants the Treasury Department's *Notice of Injunction* (dkt. #101) pursuant to ¶ 59 of the Confirmation Order in the Commonwealth's Title III Case and stays the instant adversary proceeding. Plaintiffs' claim must be addressed through the Commonwealth's claims resolution process.

Furthermore, the court orders Plaintiffs to show cause why the adversary proceeding should not be dismissed within twenty-one (21) days as there is no relief available on account of the instant decision.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 12th day of April 2024.

Enrique S. Lamoutte
United States Bankruptcy Judge